# O'BRIEN MERCANTILE COMPANY v. GEORGE A. McKINLEY and Another.[2]

May 5, 1911.

Nos. 17,031—(69).

**Case followed.**

Action in the district court for Crow Wing county to recover $755.05 for goods sold. Defendant Hoerr, in his separate answer, expressly denied that he and McKinley were partners. Defendant McKinley in his separate answer admitted that he was indebted to plaintiff in the sum mentioned in the complaint, but alleged that the goods were sold to him individually and that about June 28, 1907, plaintiff for a good and valuable consideration extended the time for the payment of the indebtedness and any further purchases in the same line up to the sum of $800, until such time as moneys should be received from the sale of logs, ties and cedar stock gotten out in and by his logging operations, and McKinley then and there delivered, after having procured it at the request of plaintiff, a certain agreement signed by W. G. Hoerr; that no moneys had come into the hands of W. G. Hoerr under the assignment and that defendant McKinley had received no moneys under the contract. The reply was a general denial, except of the execution of the written agreement by defendant Hoerr.

[1] Reported in 130 N. W. 1114.                    [2] Reported in 131 N. W. 319.

The case was tried before McClenahan, J., who refused to submit to the jury the question: "Were the defendants W. G. Hoerr and George A. McKinley partners in the cedar business at Brainerd during the time set out in the plaintiff's bill of goods?" and the question "Did the plaintiff give to George A. McKinley an extension of time for the payment of the bill of goods set out in the complaint and admitted by the defendant George A. McKinley as ordered and received by him?" The jury returned a verdict against both defendants for the sum demanded. From an order denying defendant Hoerr's motion for judgment notwithstanding the verdict or for a new trial, he appealed. Reversed and remanded with direction to the district court to cause judgment to be entered in favor of defendant Hoerr.

*Jay Henry Long*, for appellant.

*A. D. Polk*, for respondent.

PER CURIAM.

Action for goods alleged to have been sold to the defendants as partners. The sole issue here material was whether the defendant Hoerr was a partner of the defendant McKinley, to whom the goods were sold. At the close of the evidence the defendant Hoerr requested an instructed verdict in his favor. It was denied, and a verdict returned for the plaintiff. Hoerr appealed from an order denying his blended motion for judgment or a new trial.

The material evidence was substantially the same as in the case of T. R. Foley Co. v. McKinley, supra, page 271, 131 N. W. 316. Following that case, we hold that the order appealed from must be reversed, and the case remanded, with direction to the district court to cause judgment to be entered for the defendant Hoerr, as prayed.

So ordered.